**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|   |   |
|---|---|
| CANDYCE PARAGGUA _____/ <br><br> SCOTT SHEPHERD _____/ <br><br> SAM VEITH _____/ <br><br> KATIE SZPYRKA, <br><br> Plaintiff(s), <br> v. <br><br> LINKEDIN CORPORATION, <br><br> Defendant(s). _____/ | CASE NO. 5:12-cv-03088 EJD <br> CASE NO. 5:12-cv-03422 EJD <br> CASE NO. 5:12-cv-03430 EJD <br> CASE NO. 5:12-cv-03557 EJD <br><br> **ORDER GRANTING MOTION TO CONSOLIDATE; APPOINTING INTERIM LEAD CLASS COUNSEL** <br><br> [Docket Item No(s). 12] |

Plaintiffs Katie Szpyrka, Candyce Paraggua, Scott Shepherd and Sam Veith (collectively, "Plaintiffs") filed separate actions in this court on behalf of themselves and all others similarly situated against Defendant LinkedIn Corporation ("Defendant") for, *inter alia*, violations of California Business and Professions Code §§ 17200 *et. seq.*, California Business and Professions Code §§ 17500 *et. seq.*, breach of contract, and negligence.[1]  On July 16, 2012, Plaintiffs filed a joint

---

[1] The Szpyrka action is case number 5:12-cv-03088 EJD.  The Paraggua, Shepherd and Veith actions were assigned case numbers 5:12-cv-03430 EJD, 5:12-cv-03422 EJD and 5:12-cv-03557 EJD, respectively.  The court related these actions and ordered them reassigned to one district judge on August 22, 2012.  See Docket Item No. 38.

1
CASE NO. 5:12-cv-03088 EJD
ORDER GRANTING MOTION TO CONSOLIDATE; APPOINTING INTERIM LEAD CLASS COUNSEL

1  motion to consolidate the four actions and to appoint counsel for Szpyrka as interim lead counsel for
2  the purported class, with counsel for Shepherd designated as liason class counsel.  <u>See</u> Docket Item
3  No. 12.  Defendant filed a statement of non-opposition to the motion on July 30, 2012.  <u>See</u> Docket
4  Item No. 24.
5       Having reviewed the material relevant to this matter, the court finds Plaintiffs' unopposed
6  motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).
7  Accordingly, the hearing scheduled for August 31, 2012, will be vacated and the motion will be
8  granted based on the terms which follow.

## I. CONSOLIDATION

10       The district court may consolidate actions involving common questions of law and fact.  Fed.
11  R. Civ. P. 42(a)(2).  The court exercises "broad discretion to decide how cases on its docket are to be
12  tried so that the business of the court may be dispatched with expedition and economy while
13  providing justice to the parties."  <u>Morin v. Turpin</u>, 778 F. Supp. 711, 733 (S.D.N.Y 1991) (citing 6
14  C. Wright & A. Miller, Federal Practice and Procedure § 1471, at 359 (1971)).  In exercising this
15  discretion, the court "weighs the saving of time and effort consolidation would produce against any
16  inconvenience, delay, or expense that it would cause."  <u>Huene v. United States</u>, 743 F.2d 703, 704
17  (9th Cir. 1984).  Consolidation may occur upon motion by a party or sua sponte.  <u>In re Adams</u>
18  <u>Apple</u>, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987).
19       Upon review of the complaints in each of the actions presented here, the court finds that each
20  case presents virtually identical factual and legal issues.  The plaintiffs allege in each action that
21  Defendant failed to adequately protect user data unauthorized access by network hackers and raise
22  the same causes of action.  The four actions are in the same procedural stage as Defendnat has not
23  yet filed an answer or responsive motion.  Moreover, since the claims for each case arise from the
24  same nucleus of activity, discovery issues relating to each action will be parallel.  Based on the
25  circumstances presented, there is no basis to find that consolidation would cause inconvenience,
26  delay or expense, especially since Paraggua, Shepherd and Veith seemingly agree with the
27  consolidation request.  As such, the court finds consolidation appropriate.  The joint motion of will
28  therefore be granted.

## I.  APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." White v. TransUnion, LLC, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)). Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1).  Under that section, the court considers: "(I) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. Proc. 23(g)(1)(A).  The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. Proc. 23(g)(1)(B).

Here, Szpyrka is represented by Jay Edelson of Edelson McGuire LLP and as is evident from the motion papers, the firm is experienced in class action litigation and, in particular, in class action litigation involving technology and privacy.  For this case, Edelson McGuire has conducted investigation of the potential class action claims, has taken a leadership role among counsel for the other plaintiffs, and has contacted Defendant's counsel concerning future protection of user privacy. The proposed liaison class counsel, Laurence King of Kaplan Fox & Kilsheimer LLP, has similar experience in class action litigation.

Having reviewed the papers filed for this motion in the context of Rule 23, the court finds that Jay Edelson of Edelson Mcguire LLP is qualified to represent the putative class, and that Laurence King of Kaplan Fox & Kilsheimer LLP is qualified to serve as liaison class counsel. Accordingly, the court appoints them as designated.

## II.  ORDER

Based on the foregoing discussion:

3
CASE NO. 5:12-cv-03088 EJD
ORDER GRANTING MOTION TO CONSOLIDATE; APPOINTING INTERIM LEAD CLASS COUNSEL

1. The motion to consolidate and appoint interim lead class counsel (Docket Item No. 12) is GRANTED. The Clerk of the Court shall consolidate case numbers 5:12-cv-03088 EJD; 5:12-cv-03430 EJD, 5:12-cv-03422 EJD and 5:12-cv-03557 EJD into one case such that the earliest-filed action, 5:12-cv-03088 EJD, is the lead case. All future filings shall be in 5:12-cv-03088 EJD and shall bear the caption: "In re LinkedIn User Privacy Litigation." All future related cases shall be automatically consolidated and administratively closed after a judicial determination that such cases are related. Since the later actions are now subsumed by the first-filed action, the Clerk shall administratively close case numbers 5:12-cv-03430 EJD, 5:12-cv-03422 EJD and 5:12-cv-03557 EJD.

2. Plaintiffs' Motion for Appointment of Interim Lead Class Counsel is GRANTED. The court appoints Jay Edelson of Edelson Mcguire LLP as Interim Lead Class Counsel for the putative class. Laurence King of Kaplan Fox & Kilsheimer LLP is appointed as liaison class counsel.

3. The hearing on the motion and the Case Management Conference currently scheduled for August 31, 2012, are VACATED. The court will file an order addressing scheduling issues forthwith.

4. Within 21 days of the date this order is filed, Plaintiffs in In re LinkedIn User Privacy Litigation shall filed a Consolidated Amended Class Action Complaint.

**IT IS SO ORDERED.**

Dated: August 29, 2012

EDWARD J. DAVILA
United States District Judge